## Harrold, Administrator, v. Harrold, Appellant.

*Landlord and tenant—Lease of farm—Agreement to pay rental —Instructions to jury.*

1. In an action by the owner of a farm against the tenant thereof for the agreed rental, consisting of one-third of the proceeds of the crops, where defendant admitted the tenancy but averred that the agreement as to the rental had been changed, so as to provide that defendant should retain all the proceeds of the crops, but should keep the property in repair, the trial judge was not in error in charging the jury that the burden was upon defendant to prove an actual binding contract under which plaintiff had waived his right to what was otherwise clearly his property.

2. In such case, where there was evidence of disinterested witnesses as to statements made by the plaintiff to persons, not in any way representing the defendant, as to his understanding of the contract, it was not reversible error to charge the jury that such

statements "are not so important. Loose talk when you come to consider contractual obligations, is of but little value," when the trial judge did not undertake to characterize the testimony of the witnesses as being nothing more than loose talk, but left to the jury to consider whether or not it amounted to more than that. ·

Argued Sept. 30, 1915.    Appeal, No. 126, Oct. T., 1915, by defendant, from judgment of C. P. Westmoreland Co., May T., 1913, No. 617, on verdict for plaintiff, in case of Albert Harrold, Administrator of the Estate of Reuben Harrold, Deceased, v. William Humphrey Harrold. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Assumpsit to recover the value of certain promissory notes and also a share of the proceeds of certain farm crops.    Before MCCONNELL, J.

The opinion of the Supreme Court states the facts

Verdict for plaintiff for $2,508.84, which by agreement was subsequently reduced to $2,354.43, and judgment was entered on the reduced verdict.    Defendant appealed.

*Errors assigned* were answers to points and instructions to the jury.

*John E. Kunkle,* with him *C. C. Walthour* and *J. Harry Pershing,* for appellant.

*Robert W. Smith,* with him *E. E. Allshouse* and *James S. Moorhead,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

In the statement of claim, filed in this case, it was alleged that defendant had been for a long time a tenant upon a farm belonging to Reuben Harrold, the plaintiff, under a contract to pay as rental of the farm, one-third of the proceeds of the crops raised upon it.    It was further alleged that defendant instead of turning over one-

third of the proceeds of the farm to plaintiff, had loaned
to various persons, upon their promissory notes, from
plaintiff's share of such proceeds, sums of money, and
had refused to surrender to plaintiff the notes given for
such loans.  In this action plaintiff sought to recover
the amount of money so loaned, with interest thereon,
and also one-third of the proceeds of the crops on the
farm for the years 1911 and 1912.  In the affidavit of de-
fense, the tenancy, on the terms alleged in the statement,
was admitted down to and including the year 1904; but
it was averred that after that, a different arrangement
was made, under which plaintiff had agreed that defend-
ant should retain all the proceeds of the crops, provided
he kept the roofs of the buildings on the farm in good
condition, and should cultivate the farm properly.  It
was averred that defendant had complied with the terms
of this agreement, and it was denied that he had loaned
to other persons, or had failed to pay over to plaintiff,
any money belonging to him, and defendant further de-
nied any indebtedness to plaintiff on account of his
tenancy of the farm, in any amount whatever.  The is-
sues raised were entirely questions of fact, which were
for determination by the jury.  The assignments of er-
ror all relate to the manner in which these questions
were submitted.  In charging the jury, the trial judge
emphasized the necessity upon the part of defendant of
making proof of an actual binding contract under which
the plaintiff had waived his right to what was otherwise
clearly his property.  He said to the jury: "There must
be a binding contract before the plaintiff would be bound
not to claim that which was his."  This instruction
was clearly right under the circumstances, but counsel
for appellant contends that the trial judge erred in the
nature of his comments on the evidence bearing on the
question whether such a contract as defendant alleged
had been made.  He said to the jury: "You have the
testimony of the father in which he says that there was
no such contract.  You have the testimony of the son,

the defendant, and he says that there was a contract of that kind.    Now the testimony of other witnesses about things that the father may have said at a different time and to persons that were not representing any side of the obligations that the father and son owed to each other, are not so important.    Loose talk, when you come to consider contractual obligations, is of but little value." It may be, that the use of the words "loose talk," in this connection, was unnecessary, but we cannot say that the expression amounted to reversible error.    The trial judge did not undertake to characterize the testimony of the witnesses, as to the point in question, as being nothing more than loose talk.    Whether or not it amounted to more than that, was left to the jury.    If it did not, they were cautioned to give it but little weight.    This, it seems to us, is the fair construction to be placed upon this portion of the charge.    Taken as a whole, there is little ground for criticism of the instructions to the jury. The contention upon the part of both sides was fairly presented, and we see no sound basis for the suggestion that the language used may be regarded as tending to minimize the force of defendant's testimony.    Whether or not the plaintiff had agreed with defendant not to require him to account for the rental of the farm, was a question of fact, which the jury determined against the defendant.    No good reason has been shown to doubt the correctness of the amount of the verdict, as modified by the court.    As the assignments of error are without substantial merit, they are all dismissed, and the judgment is affirmed.